IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIGUEL GUTIERREZ BRUNO, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-05-1832 |
| | § | |
| DOUGLAS DRETKE, | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Miguel Gutierrez Bruno, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction and alternatively, as barred by limitations.

**I.    Background**

Bruno challenges a 1992 conviction in the 278th Judicial District Court of Madison County, Texas for possession of a controlled substance in a penal institution. (Cause Number 8946). On March 4, 2002, Bruno filed a federal petition for a writ of habeas corpus, Civil Action Number H-02-0792, collaterally attacking his conviction for possession of a controlled substance in a penal institution. On October 28, 2002, this court dismissed Bruno's claims as time-barred. On April 23, 2003, the Fifth Circuit refused a certificate of appealability. On December 31, 2003, this court dismissed a second federal petition, Civil Action Number H-03-5791, as successive.

O:\RAO\LHR\2005\05-1832.A01

In the instant federal petition filed on May 16, 2005, Bruno challenges the same conviction for possession of a controlled substance in a penal institution on the following grounds:

(1)   the jury was unconstitutionally selected and empaneled;

(2)   he was denied the right to testify;

(3)   counsel rendered ineffective assistance at trial;

(4)   counsel rendered ineffective assistance on appeal;

(5)   he was denied a meaningful appeal;

(6)   the evidence was insufficient to support his conviction; and

(7)   his incarceration violates the Fifth, Eighth, and Fourteenth Amendments of the Constitution.

(Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8A).

## II. Discussion

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Bruno raised claims 1, 3, 4, and 6, in his earlier petition, Civil Action Number H-02-0792.[1] This court dismissed Bruno's earlier federal petition as time barred in

---

[1]Section 2244(b) provides in relevant part:
(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
 (2) A claim presented in a second or successive habeas corpus application

Civil Action Number H-02-792 as time-barred. In federal court, dismissals grounded on the statute of limitations are final adjudications on the merits. *See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819-20 (5th Cir. 1989). In *Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), the Second Circuit considered the issue of whether a dismissal as time-barred constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. That court explained:

> As with habeas petitions that are denied as procedurally barred or pursuant to Stone, the dismissal of a § 2255 petition as untimely under AEDPA presents a "permanent and incurable" bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.

---

under section 2254 that was not presented in a prior application shall be dismissed unless--
 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
 (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
 (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

This court finds the reasoning in *Villanueva* to be persuasive. This court lacks jurisdiction to consider Bruno's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Bruno's successive application, and therefore, this court lacks jurisdiction to consider Bruno's habeas claims.[2]

Alternatively, the court finds Bruno's federal petition is time-barred. As noted, this court previously determined that Bruno's claims were time-barred in H-02-0792. Bruno is challenging a conviction entered on June 2, 1992, before the AEDPA's effective date. Bruno is presumptively entitled to a one-year reasonableness period

---

[2] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From Bruno's litigation history, the court determines that Bruno is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.

from April 24, 1996, the effective date of AEDPA, in which to file his claim. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). That period expired on April 24, 1997.  Bruno did not file this federal petition until May 16, 2005.

The pendency of a properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997).  In *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998), the Fifth Circuit clarified the *Flores* rule and held that the section 2244(d)(2) tolling provision applies to the one-year reasonableness period.  However, neither of Bruno's state applications tolled the federal limitations period.  The first was filed before the enactment of the AEDPA, and the second was filed after the one-year reasonableness period had ended.

In Civil Action Number H-02-0792, this court construed Bruno's claim of actual innocence as requesting equitable tolling.  This court explained that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.), *cert. denied,* 531 U.S. 1035 (2000).

Bruno has an unexplained delay of nearly eleven years between the date the Texas Court of Criminal Appeals denied Bruno's first state application, June 8, 1994, and the date he filed this federal petition on May 16, 2005.  Bruno waited almost eight

years after the AEDPA's one-year grace period ended before filing his federal petition. This petition is barred by limitations.

### III.    Conclusion

Bruno's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. Alternatively, his claims are barred by limitation. Bruno's motion to proceed as a pauper, (Docket Entry No. 4), is GRANTED. Bruno's motion for the appointment of counsel, (Docket Entry No. 3), is DENIED. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484).  Bruno has not made the necessary showing.  Accordingly, a certificate of appealability is DENIED.

        SIGNED on May 27, 2005, at Houston, Texas.

                                                          Lee H. Rosenthal
                                            United States District Judge